IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
NATE HARRIS,                                   x
                                               :
        Plaintiff,
                                               :    Civil Action File No.
vs.                                                  1:15-cv-
                                               :
STARFISH SERVICES, LLC d/b/a                         JURY TRIAL DEMANDED
MARIGOLD PEST SERVICES;                        :
ERIC SWEENEY; KATHY MEADES;
and JAY GROUNDWATER,                           :

        Defendants.                            :
-------------------------------------------------x
```

## COMPLAINT

Plaintiff, Nate Harris, by and through his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for his Complaint, respectfully alleges as follows:

<u>PARTIES</u>

1.

Plaintiff, Nate Harris, (hereinafter "Plaintiff" or "Mr. Harris") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, Starfish Services, LLC ("Starfish Services") is a domestic corporation doing business in the Northern District of Georgia.

1

3.

On information and belief, the registered agent for service of process on Starfish Services is Joseph J. Gottlieb, 990 Hammond Drive, Suite 990, Atlanta, GA 30328.

4.

On information and belief, Defendant Eric Sweeney ("Mr. Sweeney") is a natural born person residing in the Northern District of Georgia.

5.

On information and belief, Mr. Sweeney may be served at his place of business located at 1900 The Exchange SE, Atlanta, GA 30339.

6.

On information and belief, Defendant Kathy Meades ("Ms. Meades") is a natural born person residing in the Northern District of Georgia.

7.

On information and belief, Ms. Meades may be served at her place of business located at 1900 The Exchange SE, Atlanta, GA 30339.

8.

On information and belief, Defendant Jay Groundwater ("Mr. Groundwater") is a natural born person residing in the Northern District of Georgia.

9.

On information and belief, Mr. Groundwater may be served at his place of business located at 1900 The Exchange SE, Atlanta, GA 30339.

## JURISDICTION

10.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

11.

Defendant Starfish Services is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

12.

On information and belief, Defendant Starfish Services is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s).

13.

On information and belief at all relevant times and continuing, Starfish Services had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

14.

Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendants.

15.

At all relevant times and continuing, Defendant Eric Sweeney was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Sweeney acted "directly or indirectly in the interest of an employer in relation to an employee."

16.

At all relevant times and continuing, Defendant Kathy Meades was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Ms. Meades acted "directly or indirectly in the interest of an employer in relation to an employee."

17.

At all relevant times and continuing, Defendant Jay Groundwater was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr.

Groundwater acted "directly or indirectly in the interest of an employer in relation to an employee."

## VENUE

18.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

19.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## FACTS

20.

Plaintiff, Nate Harris was employed by Defendants from on or about April 24, 2014 to on or about March 4, 2015.

21.

Mr. Harris was employed as a Pest Control Technician.

22.

Mr. Harris did not supervise any employees at any time.

23.

Throughout the time that Mr. Harris was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

24.

Despite the fact that Mr. Harris worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Harris for any of that overtime.

25.

On information and belief, at all relevant times during Plaintiff's employment by Defendants, Defendant Eric Sweeney was the President of Starfish Services and was in control of its daily operations.

26.

On information and belief, Mr. Sweeney's duties included creating and/or being advised of Plaintiff's work schedule on a daily basis. Thus, on information and belief, Mr. Sweeney directed, was aware of and suffered Plaintiff to regularly work more than forty (40) hours per week without receiving time and one-half overtime pay for all hours worked in excess of forty (40) hours in a week.

27.

On information and belief, at all relevant times during Plaintiff's employment by Defendants, Defendant Kathy Meades was an on-site Owner/Manager of Starfish Services.

28.

On information and belief, Ms. Meades' duties included creating and/or being advised of Plaintiff's work schedule on a daily basis. Thus, on information and belief, Ms. Meades directed, was aware of and suffered Plaintiff to regularly work more than forty (40) hours per week without receiving time and one-half overtime pay for all hours worked in excess of forty (40) hours in a week.

29.

On information and belief, at all relevant times during Plaintiff's employment by Defendants, Defendant Jay Groundwater was an on-site Owner/Manager of Starfish Services.

30.

On information and belief, Mr. Groundwater's duties included creating and/or being advised of Plaintiff's work schedule on a daily basis. Thus, on information and belief, Mr. Groundwater directed, was aware of and suffered Plaintiff to regularly work more than forty (40) hours per week without receiving time and one-half overtime pay for all hours worked in excess of forty (40) hours in a week.

## FIRST CAUSE OF ACTION
### Violation of 29 U.S.C.§216(b)
### (Fair Labor Standards Act [FLSA])
### (Failure to Pay Overtime)

31.

Plaintiff incorporates the allegations of ¶¶1 – 30 to the same force and effect as if pled herein.

32.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

33.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

34.

Plaintiff was not an exempt employee under the FLSA.

35.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

8

36.

Defendants owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

SECOND CAUSE OF ACTION
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516)
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)

37.

Plaintiffs incorporate the allegations of ¶¶1 – 36 to the same force and effect as if pled herein.

38.

Within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by them.

39.

Plaintiff is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and

15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment against all Defendants awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment against both Defendants awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 4th day of August 2015.

                                        s/ROBERT N. MARX  
                                        Robert N. Marx, Esq.

 Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
 Georgia Bar No. 475276
 Marx & Marx, L.L.C.
 5555 Glenridge Connector
 Suite 200
Atlanta, Georgia 30342
Telephone:  (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiff