# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") is entered into by and between NATE HARRIS (hereinafter, "Harris" or "Plaintiff"), STARFISH SERVICES, LLC d/b/a MARIGOLD PEST SERVICES (hereinafter, "Starfish"), ERIC SWEENEY (hereinafter, "Sweeney"), CATHY MEADES (hereinafter, "Meades"), and JAY GROUNDWATER (hereinafter, "Groundwater"). As used in this Agreement, the term "Plaintiff" refers to Harris, the term "Defendants" refers collectively to Starfish, Sweeney, Meades, and Groundwater, and the term "Parties" refers collectively to Plaintiff and Defendants.

## BACKGROUND INFORMATION

A.  On August 4, 2015, Plaintiff filed a complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Nate Harris, Plaintiff, v. Starfish Services, LLC d/b/a Marigold Pest Services, Eric Sweeney, Cathy Meades, and Jay Groundwater, Defendants,* Civil Action No. 1:15-cv-02763-MHS (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work allegedly performed by Plaintiff for Defendants.

B.  Pursuant to the Litigation, Plaintiff alleges that Defendants intentionally and willfully failed to pay him overtime compensation on one or more workweeks during the three-year period preceding the filing of the Litigation as required under the Fair Labor Standards Act ("FLSA").

C.  Defendants deny Plaintiff's allegations and contend instead that Plaintiff was properly compensated pursuant to the FLSA for all hours worked during the relevant time period. Defendants further assert that Plaintiff cannot establish either individual or enterprise coverage under the FLSA, and contend that Defendants have acted at all times in good faith compliance with all federal and state laws.

D.  Despite their conflicting views, Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims by Plaintiff against Defendants and all those to be released in this Settlement Agreement, reciting the

following terms and conditions.

  E. Plaintiff warrants and represents that he has not assigned any of his claims against Defendants or any other person or entity to be released in this Settlement Agreement and that no attorneys other than Robert Nathan Marx and Jean Simonoff Marx of Marx & Marx, LLC, have a claim for attorneys fees and/or costs arising from Plaintiff's claims released in this Settlement Agreement.

  F. This Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims against Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that Defendants, or any of their officers, employees, and/or other agents (including any parent, subsidiary, successor, assign, or other entity related to or affiliated with Starfish or any of the Defendants) acted contrary to law or violated the rights of Plaintiff or any other person at any time.

  NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

## STATEMENT OF AGREEMENT

  The Parties hereby acknowledge, and rely upon as material to this agreement, the accuracy of the above Background Information and hereby agree as follows:

  1. <u>Consideration</u>. In consideration of this Agreement and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will cause to be tendered to Plaintiff the gross amount of **SEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS**, less applicable deductions and withholdings, payable as follows (subject to the provisions of Sections 2-4, below):

    a. **$1,945.00** (less withholdings and deductions) payable to Plaintiff for unpaid wages, which must be received by Plaintiff's counsel on or before three (3) days (or the next business day if such day is a

    weekend or bank holiday) after the court approves the Parties' joint motion for approval of this Agreement, as provided in Section 2, below;

  b. **$1,945.00** (with no withholdings or deductions) payable to Plaintiff for FLSA liquidated damages, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above; and

  c. **$3,610.00** payable to Marx & Marx, LLC for Plaintiff's attorney's fees and costs of litigation, which must be received by Plaintiff's counsel within the deadline set forth in paragraph 1(a), above.

The settlement amounts paid to Plaintiff for his alleged unpaid wages in Section (a) shall be paid by check payable to Plaintiff in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The settlement amount paid to Plaintiff for his alleged FLSA liquidated damages in Section (b) shall be paid without any deduction for any taxes or other withholdings ("1099 Payments") by separate check payable to Plaintiff in the amounts stated above and reported in box # 3 on IRS Form 1099-MISC and its state tax equivalent. Plaintiff represents and warrants that the payments set forth in Section (a) and (b) constitute full accord and satisfaction of Plaintiff's claims for alleged unpaid back wages and alleged liquidated damages under the FLSA net of any attorney's fees and costs. The settlement amounts paid to Plaintiff's counsel of record for fees and costs under Section (c) constitute payment of Plaintiff's attorney's fees and costs on all claims under the FLSA and are therefore within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, which shall be 1099 Payments paid in separate check payable to Marx & Marx, LLC in the amounts stated above and reported in box # 14 on IRS Form 1099-MISC. Starfish shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Prior to any payments set forth above, Plaintiff's counsel shall provide Defendants counsel with an IRS form W-9 reflecting Plaintiff's counsel's tax identification number.

2. <u>Settlement Approval</u>. All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of this Agreement with the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u> All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required to Plaintiff's counsel within the deadline set forth in paragraph 1(a), above. If the District Court does not approve this Agreement, it shall be void *ab initio*.

3. <u>Dismissal</u>. Upon judicial approval of the Agreement and Plaintiff's receipt of the payments, the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Attachment A, with the court within two (2) business days.

4. <u>Mutual Release & Waiver of All Claims</u>. In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby **RELEASE, REMISE AND FOREVER DISCHARGE** each other and their owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs, successors and assigns, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Settlement Agreement and Release; which release especially shall include any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, Plaintiff's employment with or separation from employment with Defendants, including, but not limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; ADEA; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or

theory at common law or otherwise of the United States or the State of Georgia. Plaintiff agrees that he will not attempt (or authorize an attempt) to re-initiate the FLSA claims and any other claims hereby released in any manner, and waives the right to recover in any lawsuit or administrative proceeding, whether brought by himself or by the EEOC, arising out of, either directly or indirectly, his employment with or separation from employment with Defendants.

5. <u>Execution</u>. This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original. Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so.

6. <u>Waiver of Right to Seek Re-Employment</u>. Plaintiff agrees to refrain from ever knowingly seeking employment in any capacity with the Defendants. Plaintiff waives any right or entitlement to such employment and understands and acknowledges that he does not now and will not ever have any right or entitlement to such employment.

7. <u>Non-Disparagement.</u> The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

8. <u>Entire Release</u>. Plaintiff affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that he has consulted legal counsel before executing the Agreement.

9. <u>Amendments</u>. Any modification or change to this Agreement must be

made in writing and signed by all Parties.

10. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

WITNESS:                                       Nate Harris

_____    _____

Date: _____

WITNESS:                                       Eric Sweeney

_____    _____

Date: _____

WITNESS:                                       Cathy Meades

_____    _____

Date: _____


| WITNESS: | Jay Groundwater |
|---|---|
| _____ | Date: _____ |
| WITNESS: | Starfish Services, LLC |
| _____ | By: _____<br>Title:_____<br>Date: _____ |

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATE HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>STARFISH SERVICES, LLC d/b/a MARIGOLD PEST SERVICES; ERIC SWEENEY; KATHY MEADES; and JAY GROUNDWATER,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:15-cv-02763-MHS |

### STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted, this ___ day of December, 2015.

[Signatures on following page]

| | |
|---|---|
| /s/Robert N. Marx<br>Robert N. Marx<br>Georgia Bar No. 475280<br>Jean Simonoff Marx<br>Georgia Bar No. 475276<br>Marx & Marx, LLC<br>5555 Glenridge Connector<br>Suite 200<br>Atlanta, GA 30342<br>Telephone:  (404) 261-9559<br>Facsimile:   (404) 965-8812<br>E: lawyers@marxlawgroup.com<br><br>Attorneys for Plaintiff | /s/John D. Bennett<br>John C. Stivarius, Jr.<br>Georgia Bar No. 682599<br>John D. Bennett<br>Georgia Bar No. 059212<br>ELARBEE, THOMPSON, SAPP & WILSON, LLP<br>229 Peachtree Street, N.E.<br>800 International Tower<br>Atlanta, GA 30303<br>Telephone: (404) 659-6700<br>E: Stivarius@elarbeethompson.com<br>   Bennett@elarbeethompson.com<br><br>Attorneys for Defendants |

made in writing and signed by all Parties.

10. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

| WITNESS: | Nate Harris |
|---|---|
| _MNMce_ | _Nathaniel Harris_ |
| | Date: 11-30-2015 |
| WITNESS: | Eric Sweeney |
| _____ | _____ |
| | Date: _____ |
| WITNESS: | Cathy Meades |
| _____ | _____ |
| | Date: _____ |

9. <u>Amendments</u>. Any modification or change to this Agreement must be made in writing and signed by all Parties.

10. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

WITNESS: _____

Nate Harris

_____

Date: _____

WITNESS: _____ [signature]

Eric Sweeney

[signature]

Date: 11/30/2015

WITNESS: _____

Cathy Meades

_____

Date: _____

Case 1:15-cv-02763-MHS   Document 5-1   Filed 12/01/15   Page 13 of 15

WITNESS:

Jay Groundwater

_____

Date: _____

WITNESS:

*[signature]*

Starfish Services, LLC

By: *[signature]*

Title: *Partner*

Date: *11/31/2015*

9. <u>Amendments</u>. Any modification or change to this Agreement must be made in writing and signed by all Parties.

10. <u>Construction</u>. The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. <u>Governing Law</u>. The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective on the date(s) set forth below.

WITNESS:                                    Nate Harris

_____                 _____
                                            Date: _____

WITNESS:                                    Eric Sweeney

_____                 _____
                                            Date: _____

WITNESS:                                    Cathy Meades

_____                 *Cathy Meades* (signature)
                                            Date: 11/30/15

WITNESS:                                            Jay Groundwater

_____          _____
                                                    Date: 11/30/15

WITNESS:                                            Starfish Services, LLC

_____          By: _____

                                                    Title:_____
                                                    Date: _____

Page 7